IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **ROGER NEIL WELLS,** | ) | |
| Plaintiff, | ) | Civil Action No.: 1:05cv00064 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **HIGHLANDS UNION BANK,** | ) | By: PAMELA MEADE SARGENT |
| Defendant. | ) | United States Magistrate Judge |

This case comes before the court on appeal from United States Bankruptcy Court. Plaintiff, Roger Neil Wells, ("Wells"), debtor in possession, acting on his own behalf, *pro se,* appeals a July 12, 2005, order entered by the United States Bankruptcy Court granting creditor, Highlands Union Bank, ("HUB"), relief from the automatic stay and permitting the repossession and sale of a mobile home. HUB has filed a motion to dismiss Wells's appeal, (Docket Item No. 8) ("Motion to Dismiss"). This court has jurisdiction under 28 U.S.C. § 158. The motion to dismiss is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

*I. Facts & Procedural History*

Since this matter is before the court on HUB's motion to dismiss, the facts as alleged by Wells in his request for review and attached documents will be accepted

-1-

as true. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991). The facts concerning the background of this matter are set forth in Wells's brief and attached exhibits.

Wells filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code on December 27, 2004. He filed a Voluntary Petition and included a Schedule D, in which he listed HUB as a secured creditor holding a Uniform Commercial Code, ("UCC"), lien against Wells's 1997 Harwick Model Home, ("Harwick"). On or about February 2005, HUB filed for relief from the automatic stay under 11 U.S.C. § 362(d). This request for relief from the automatic stay included the UCC lien held by HUB on the Harwick. Wells and HUB appeared before the bankruptcy court on June 22, 2005, for a hearing regarding HUB's request for relief from the automatic stay. As a result of the hearing, the bankruptcy court entered an order, dated July 12, 2005, which granted HUB's request for relief from the automatic stay under § 362, insofar as it pertained to the repossession and sale of the Harwick, which was secured by a perfected note dated June 21, 2000, and held by HUB. The court further ordered the proceeds from the sale of the Harwick to be applied to the underlying note. Wells now appeals the order of the bankruptcy court, and HUB has filed the Motion to Dismiss.

## II. Argument

In his brief, Wells does not challenge the relief from the stay to allow the sale, rather he argues that the proceeds from the sale of the Harwick should have been applied to the note that was secured by his residence, which also was held by HUB,

instead of the note that the Harwick secured. Specifically, Wells argues that prior to the hearing before the bankruptcy court, on June 22, 2005, he and HUB agreed that the proceeds from the sale of the Harwick would be applied to the note secured by his residence. According to Wells, this agreement was made during the course of a telephone conversation with HUB on June 21, 2005. Wells further argues that the only reason he did not object to HUB's request for relief from the stay during the hearing before the bankruptcy court and in the proposed order was because he believed that the proceeds from the sale of the Harwick would be applied to the note his residence secured.

HUB, in the Motion to Dismiss, argues that Wells appealed the bankruptcy court's order granting relief from the automatic stay to this court without first obtaining a stay of the bankruptcy court's order under Bankruptcy Rule 8005. As a result, HUB repossessed the Harwick and sold it at a public auction on October 26, 2005. Therefore, according to HUB, since the subject matter of the order that Wells appealed to this court is now sold, this appeal is moot. *See In re Lake Placid Co.*, 78 B.R. 131 (W.D. Va. 1987) (appeal from order to sell debtor's assets moot where debtor failed to secure stay pending appeal and assets were sold). I disagree.

As stated above, from review of Wells's brief, it appears that Wells is not challenging the relief from the stay to allow the sale of the Harwick, but rather is challenging the disbursement of the funds received from the sale. Therefore, HUB's Motion to Dismiss should be denied. To dismiss a bankruptcy appeal as moot, the court must find that circumstances have so changed during the pendency of the appeal that no effectual relief can be granted. *See AFL-CIO v. Hotel Circle, Inc.,* 419 F. Supp.

778 (S.D. Cal. 1976). Since the court cannot determine as a matter of law, at this stage, that no effectual relief can be granted in this case, I find that dismissal on this ground would be inappropriate at this time.

## **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The court cannot find as a matter of law that no effectual relief can be granted on this appeal; and

2. The appeal is not moot.

## **RECOMMENDED DISPOSITION**

Based on the above-stated reasons, I recommend that the court deny the Motion to Dismiss. (Docket Item No. 8.)

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C § 636(b)(1)(C):

Within ten days after being served with a copy [of this Report and

Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen M. Williams, Senior United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED:   June 16, 2006.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE